

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 3 0 2009

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNY KELLEMS,                          §
                                        §
            Plaintiff,                  §
                                        §
VS.                                     §   NO. 4:02-CV-678-A
                                        §
MICHAEL J. ASTRUE,                      §
COMMISSIONER OF SOCIAL                  §
SECURITY,                               §
                                        §
            Defendant.                  §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Jennifer L. Fry

("Fry"), who says she is attorney for plaintiff, Kenny Kellems,

for an award of attorney's fees under 42 U.S.C. § 406(b).  Having

considered the motion, the response of defendant, Michael J.

Astrue, Commissioner of Social Security, ("Commissioner") and the

applicable authorities, the court concludes that such motion

should be denied.

I.

History of the Above-Captioned Action

The above-captioned action was commenced on August 12, 2002,

by the filing by attorney Gal Lahat ("Lahat") for plaintiff of a

bare-bones complaint seeking reversal of a decision of

Commissioner to deny plaintiff's application for disability

insurance benefits, and to award to plaintiff the benefits to which he was entitled. Commissioner had answered plaintiff's complaint on January 28, 2003. On April 25, 2003, plaintiff, through Lahat, filed his brief urging the court to reverse the decision of the administrative law judge ("ALJ") and award plaintiff disability benefits or, alternatively, to reverse the ALJ's decision and remand pursuant to sentence four of 42 U.S.C. § 405(g) "with specific directions as to what the ALJ should do differently the second time around." Pl.'s Br. at 27.[1]

Rather than file a response to plaintiff's brief, Commissioner filed on June 24, 2003, an unopposed motion asking the court to reverse Commissioner's ruling against plaintiff and remand to Commissioner for further proceedings as authorized by the fourth sentence of § 405(g), explaining:

> 4. [Commissioner] respectfully submits that an order of remand for further administrative proceedings requires the entry of a judgment that ends the instant action. The entry of a judgment that ends the instant action is required by the fourth sentence of 42 U.S.C. § 405(g). See Shalala v. Schaefer, 113 S.Ct. at 2629. A proposed judgment is provided herewith.
>
> [Commissioner] therefore requests that the Court reverse and order a remand of this case for further

---

[1] By the time plaintiff filed his brief,, and plaintiff had successfully filed a motion for extension of time within which to file his brief on the ground that his brief "cannot be completed in time for preparation of a timely filing." Mot. for Extension at 1.

action pursuant to the fourth sentence of 42 U.S.C.
§ 405(g).

Mot. to Reverse & Remand at 3-4.  As the motion requested, the

court ended this action by signing on June 26, 2003, the proposed

judgment provided by Commissioner with the motion.  The judgment

ordered that the matter "be remanded under the fourth sentence of

42 U.S.C. § 405(g) to the Commissioner of Social Security for the

purpose of conducting further proceedings."  As of that point in

time, this court had done nothing substantive in this action

other than to grant what amounted to a joint motion of the

parties to reverse and remand.

On July 28, 2003, plaintiff, acting through Lahat, filed an

application for attorney's fees under the Equal Access to Justice

Act, 28 U.S.C. § 2412.  He argued that he was the prevailing

party and, therefore, was eligible for an award of attorney's

fees under § 2412(d)(2)(B).  Plaintiff sought an award of

$7,156.53 as attorney's fees, based on 48.15 hours of work, plus

court costs in the amount of $150.00, for a total of $7,306.53.

Plaintiff alleged in the motion that he had directed that any

award of fees and costs be paid directly to Lahat.  The

itemization attached to the application of services rendered

showed that Lahat contributed 9.85 hours to the total of 48.15

3

hours for which payment was sought, and that an attorney by the name of William Fouché ("Fouché") contributed 38.3 of the hours.[2]

Commissioner responded to the application, acknowledging that counsel for plaintiff was entitled to compensation for legal services rendered, but urging that the court calculate the award based on approximately 30 hours of work because the claimed attorney time was excessive for the work actually done. Commissioner added that:

> The Supreme Court has held that a remand for further administrative proceedings, like the remand which was granted in this case, is a fourth sentence remand under 42 U.S.C. § 405(g). Shalala v Schaefer, 509 U.S. 292 (1993); see also Sullivan v. Finkelstein, 496 U.S. 617, 625-26 (1990)(sentence four provides the appropriate relief when the evidence on record is insufficient to support [Commissioner's] conclusions and further fact finding is necessary). [Commissioner] respectfully submits that an order of remand for further administrative proceedings requires the entry of a judgment that ends the instant action. The entry of a judgment that ends the instant action is required by the fourth sentence of 42 U.S.C. § 405(g). See Schaefer, 509 U.S. at 296-98.

Def.'s Resp. to Application for Att'y's Fees at 3. Commissioner suggested that the fee award under § 2412 should be limited to $4,466.33 for 30.05 attorney hours.

---

[2]The indication was that Fouché is the one who actually prepared the brief filed on behalf of plaintiff when the action was pending before the magistrate judge.

On August 26, 2003, plaintiff replied to Commissioner's response, urging that the court consider the following legal standard in determining the amount to award:

> EAJA does not cap hours arbitrarily (although it does cap rate). It relies instead on the flexible and familiar notion of "reasonable attorney fees," a rule highly dependent on the needs and circumstances of the individual case. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Although the Objections largely steer clear of these matters, whether work is reasonable depends on Mr. Kellems's facts and circumstances, the quality of Plaintiff's brief, and what its preparation reasonably required in light of the applicable standard of care for appellate work . . . .

Pl.'s Resp. at 4-5 (footnotes omitted). The court accepted plaintiff's reasoning and claim by awarding plaintiff as a reasonable fee award the exact amount requested. On August 27, 2003, the court signed a judgment awarding plaintiff recovery from Commissioner of $7,306.53 as attorney's fees and expenses.

On September 11, 2003, plaintiff filed a motion to amend and/or alter the judgment for the purpose of adding a recovery by plaintiff against Commissioner of $1,841.40 incurred by plaintiff in litigating the attorney fee issue, making a total of $9,147.93. On October 6, 2003, the court granted the newly filed motion by signing a corrected judgment, ordering that the attorney's fees and expense award judgment the court signed

5

August 27 be corrected to show a recovery by plaintiff from Commissioner of the exact amount claimed by plaintiff, $9,147.93.

Nothing further occurred in the above-captioned case until almost five and one-half years later when on March 16, 2009, the court received the document Fry filed titled "Motion for and Memorandum in Support of Award of Attorney Fees Under the Social Security Act," which is the subject of the memorandum opinion and order. Commissioner responded to Fry's motion for an award of attorney's fees by complaining that it is untimely and that the amount sought is excessive.

## II.

### The Allegations of, and Claims Made, by Fry's Motion

Shortly before she filed the motion at issue, Fry filed, on February 18, 2008, in this action a notice of substitution of counsel, reciting that she is substituting for Lahat in this case. She alleges that she is a partner with the law firm Lahat was with when he was representing plaintiff in this case and that when Lahat stopped practicing law on June 4, 2008, he gave the law firm a letter dated May 7, 2008, saying that all fees owed to him are, and continued to be, the property of Morgan & Weisbrod,

6

L.L.P., the law firm with which he was associated and Fry is now associated.

Fry seeks by the motion "an award of attorney's fees in the amount of $22,266.38, to be certified for payment out of Plaintiff's past due benefits under the Social Security Act, 42 U.S.C. § 406(b)."  Mot. at 13.  She alleges that the $22,266.38 award she seeks is one-fourth of the past-due benefits awarded to plaintiff by Commissioner in the administrative proceedings that followed after plaintiff's claim was remanded by this court to Commissioner.  She makes reference in the motion to the letter from Commissioner dated August 6, 2006, giving plaintiff notice that the determination had been made that he was entitled to benefits and giving him information as to the benefits he is to receive.  Mot., Ex. C.  Included in the letter are the following explanations:

**Information About Lawyer's or Representative's Fees**

When a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee.  We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee.  We withheld $22,266.38 from your past due benefits in case we need to pay your lawyer.

- If all the work on this case for you and your family is finished, and your lawyer wants to charge a fee, a request to have it approved should be sent to us right away.

7

- If all work is not finished in this case, the lawyer should let us know that a fee will be charged. This must be done within 60 days of the date of this letter.

- If the lawyer will not charge a fee, a statement saying so, signed and dated by the lawyer, should be sent to us instead.

When the amount of the fee is decided, we will let you and the lawyer know how much of this money will be used to pay the fee. We will send any remainder to you. If the approved fee is more than the money we have withheld, the Social Security Administration is not involved in paying the rest of the fee.

Id. at 3.

According to Fry's allegations, her entitlement to a fee award of $22,266.38 is based on exactly the same 60.55 hours for which plaintiff already had received an award from this court of $9,147.93 by the corrected fee-award judgment the court signed October 6, 2003. Mot. at 3. Most of the text of Fry's motion appears to be boilerplate language that she and her firm undoubtedly have used in similar motions filed in other cases. She attaches as Exhibit I to her motion a series of orders members of her firm have persuaded other district judges and magistrate judges to sign.

Fry does not disclose to the court that she or any attorney for plaintiff already successfully had pursued the fee claim procedure spelled out in the August 6, 2006, notice-of-award

letter quoted above, thus leading the court to believe that no
payment had been received by any attorney for plaintiff by
pursuit of that procedure.  By requesting the court to award to
her the full $22,266.38 withheld from plaintiff's award of past-
due benefits, Fry quite clearly conveys to the court that
plaintiff's counsel had not received through any claim at the
administrative level any part of the withheld $22,266.38.  The
implied representation of Fry's motion was that this court had
the authority to, and should, award to Fry the full $22,266.38.
For example, Fry alleged:

> Movant has received notice from the Social
> Security Administration certifying that one-fourth of
> the past due benefits awarded to Plaintiff in this case
> was $22,266.38 . . . .  Therefore, Movant is precluded
> from seeking, and the Court may not approve more than
> $22,266.38 under 42 U.S.C. § 406(b)(1) for legal
> services performed on Plaintiff's behalf at the Federal
> District Court level.  Movant is requesting a fee of
> $22,266.38.

Mot. at 2.[3]

---

[3]In subsection E of this section III the court will discuss information it has received in the past
few days disclosing the lack of candor of Fry in her motion.

III.

Analysis

A.   The Plain Text of § 406(b) Compels Denial of the Motion

The distinguishing factor between a remand pursuant to the fourth sentence of § 405(g) and a remand pursuant to the sixth sentence of § 405(g) is that a remand pursuant to the fourth sentence carries with it an immediate entry of judgment.  Shalala v. Schaefer, 509 U.S. 292, 297 (1993).[4]  As Commissioner explained in its motion asking for a remand, the remand ended the above-captioned action.

Section 406(b) establishes "the exclusive regime for obtaining fees for successful representation of Social Security claimants . . ." before the court.  Gisbrecht v. Barnhart, 535 U.S. 789, 795-96 (2002).  The section provides, in relevant part,

> Whenever a court renders a judgment favorable to a
> claimant under this subchapter who was represented
> before the court by an attorney, the court may
> determine and allow as part of its judgment a

---

[4]In Shalala v. Schaefer, the Supreme Court gave the following explanation of an important difference between a sentence-four remand and a sentence-six remand:

> Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand.

509 U.S. 292 at 297.  The Court went on to explain that "a sentence-four remand order terminates the civil action seeking judicial review of the Secretary's final decision." Id. at 299 (quotation marks and brackets omitted).

> reasonable fee for such representation, not in excess
> of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such
> judgment . . . .

42 U.S.C. § 406(b).

The court entered a judgment remanding the above-captioned action pursuant to the fourth sentence of § 405(g) on June 26, 2003. The plain language of the statute indicates that fees are available under § 406(b) only when (1) the court renders a favorable judgment to the claimant, (2) the court includes such fees <u>as a part of the favorable judgment</u>, and (3) the claimant is entitled to past-due benefits <u>by reason of the favorable judgment</u>.

In this action, the court's judgment of remand pursuant to the fourth sentence of § 405(g) makes no mention of fees awarded under § 406(b). Such an award would have been inappropriate given that the judgment merely remanded the action for additional proceedings. Plaintiff did not become entitled to past-due benefits by reason of the court's sentence-four remand; rather, plaintiff's entitlement to benefits came by reason of later proceedings before, and decision by, Commissioner. Because the requirements of § 406(b) were not met, the court is not authorized to award the additional fees requested by Fry.

B.     The Court Disagrees with Courts that Have Ruled
       Otherwise

The court has considered the decisions of other circuits
that hold that after a fourth-sentence remand and the claimant
has successfully asserted his claim before the Commissioner at
the administrative level following the remand, the district court
should entertain an application in the district court action for
an award of attorney's fees under § 406(b).  See Bergen v. Comm'r
of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006); McGraw v. Barnhart,
450 F.3d 493 (10th Cir. 2006).

The court does not agree with the reasoning of those cases.
A premise of Bergen and McGraw seems to be that the court should
consider, and can grant, a § 406(b) motion for attorney's fees
after the court has ordered a sentence-four remand because such a
rule is necessary to ensure that attorneys representing Social
Security disability claimants will be adequately compensated.
See Bergen, 454 F.3d at 1277; McGraw, 450 F.3d at 500.  The facts
surrounding Fry's motion, as they are now known to the court,
infra at 16, suggest that such a premise is faulty.  There are
adequate procedures in place for a Social Security claimant's
attorney to receive fair compensation for services rendered
without a need for a rule requiring a court, in a case that has

ended, to reopen the case, perhaps years after the fact, to consider a further fee award. The <u>Bergen</u> and <u>McGraw</u> decisions stretch the wording of § 406(b) beyond recognition and without rational justification. The fact that Commissioner gave up trying to convince the courts that they should apply § 406(b) as written is not a good reason for disregarding the statutory language. <u>See</u> <u>McGraw</u>, 450 F.3d at 500-01. However, even if the court were to accept the reasoning of those cases, Fry nevertheless could not prevail for the reasons discussed below.

C.    <u>Fry's Motion is Not Timely</u>

In Commissioner's response to Fry's motion, Commissioner raised the issue of the timeliness of Fry's motion, pointing to the provisions of Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Resp. at 1 n.1, which directs that, unless a statute or court order provides otherwise, a motion claiming attorney's fees must be filed no later than fourteen days after entry of judgment. The <u>Bergen</u> court agreed with the Fifth Circuit that Rule 54(d)(2)(B) applies to a § 406(b) claim for attorney's fees. 454 F.3d at 1277 (citing <u>Pierce v. Barnhart</u>, 440 F.3d 657, 663-64 (5th Cir. 2006)). <u>Bergen</u> did not decide whether the motion to recover attorney's fees with which it was concerned was timely

13

filed because Commissioner had not objected, as it has in this
case, to the timeliness.  Id.

Other than to establish that Rule 54(d)(2)(B) applies, the
holding of the Fifth Circuit in Pierce is not helpful on the
timeliness issue presented here because in Pierce the district
court had ordered, in response to a timely filed motion for fees,
that the motion was premature but that the denial of the motion
was without prejudice to a refiling should the claimant prevail
before Commissioner.  Pierce, 440 F.3d at 664.  The Fifth Circuit
interpreted that order to be one providing an indefinite
extension for the filing of a motion for attorney's fees, as
contemplated by Rule 54(d)(2)(B).  The Fifth Circuit said that
their ruling that the motion was timely was not an expression of
an opinion on the claimant's entitlement to attorney's fees under
§ 406(b).  Id. at 665.

In McGraw, the Tenth Circuit rejected the proposition that
the fourteen-day time limit imposed by Rule 54(d)(2)(B) should
begin to run from the day Commissioner issues an award notice
following the district court's remand to Commissioner for further
proceedings, saying that it "seems contrary to the plain language
of [Rule 54(d)(2)(B)], which states that the motion must be filed
no later than 14 days after entry of judgment."  McGraw, 450 F.3d

at 504 (quotation marks and emphasis omitted).  The view of the
Tenth Circuit was that the remedy for the inability of the
claimant to satisfy the fourteen-day post-judgment time limit for
a § 406(b)(1) claim for fees (following a district court fourth-
sentence remand) would be to employ Rule 60(b)(6) of the Federal
Rules of Civil Procedure, adding that such a motion under Rule
60(b)(6) for an award of fees under § 406(b)(1) "should be filed
within a reasonable time of the Commissioner's decision awarding
benefits."  <u>Id.</u> at 505.  The Tenth Circuit also noted that "[o]f
course, decisions on Rule 60(b)(6) motions for § 406(b)(1) fees,
like Rule 60(b)(6) motions on other grounds, are committed to the
district court's sound discretion."  <u>Id.</u>

No matter which view of the proper application of Rule
54(d)(2) is adopted, Fry's motion would be untimely.  If the
fourteen-day time limit were to be counted from the date of the
August 2006 award favorable to plaintiff, it would be years late.
Obviously, a motion made so late would not be considered to be
within a reasonable time of the decision awarding benefits to
plaintiff.  Therefore, a Rule 60(b)(6) motion likewise would be
untimely.  Moreover, Fry has no basis for a contention, such as
was made in <u>Pierce</u>, that any order or judgment of this court
constituted an extension of the Rule 54(d)(2)(B) deadline.

D.   **In Any Event, the Court Already has Awarded Counsel for
     Plaintiff a Sufficient Amount to Compensate for Work
     Done, and Benefits Gained, in this Action**

Even if the court were required to decide what, if any,
additional amount should be awarded to plaintiff or his counsel
for services rendered by his counsel in connection with this
action, including any services that resulted in the request that
this action be remanded to Commissioner, the court would conclude
that the fee award previously made pursuant to § 2412(d) was
adequate to fully compensate plaintiff and his counsel for work
done as to those matters.

E.   **Important Facts Not Disclosed by Fry's Motion**

Needless to say, if the court were to conclude that it is
authorized to make a § 406(b) award of attorney's fees to Fry,
the court would have to know whether Commissioner had already
awarded attorney's fees to plaintiff's counsel and, if so, the
amount of the award.  As Fry acknowledges in her motion,
"[b]efore approving a fee under 42 U.S.C. § 406(b)(1), the Court
must ascertain that the cumulative fee awarded by the Court and
the Commissioner out of the claimant's past due benefits does not
exceed 25%."  Mot. at 2.[5]

---

[5]In <u>Dawson v. Finch</u>, the Fifth Circuit said that it was "fully convinced that 42 U.S.C.A. § 406
                                                                                    (continued...)

Had the court decided the motion on the basis of the facts stated in the motion and the exhibits to the motion, the court would have believed that no fee award had been made by Commissioner to counsel for plaintiff out of plaintiff's withheld past-due benefits.  Only by happenstance did the court learn that the truth is that most of the full twenty-five percent of plaintiff's past-due benefits already have been paid to plaintiff's counsel out of the $22,266.38 that was withheld. Because the issue of timeliness of Fry's motion needed to be resolved as part of the court's evaluation of the merits of the motion, the court arranged a telephone conference between the court, Fry, and counsel for Commissioner for the afternoon of March 26, 2009, to discuss that issue.  When the court inquired of Fry as to why her motion asking for an award of attorney's fees was not filed until the lapse of approximately two and one-half years after Commissioner awarded plaintiff benefits in August 2006, Fry disclosed for the first time that, during the interim, counsel for plaintiff had pursued successfully a fee claim at the administrative level, and had succeeded in receiving

---

[5](...continued)
precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant" and that once the Commissioner authorizes payment of the maximum, the claimant is entitled to no more.  425 F.2d 1192, 1195 (1970).

payment by reason of that claim of $18,281.25 of the $22,266.38 Commissioner withheld in case Commissioner needed to pay plaintiff's lawyer.  Mot., Ex. C at 3.

Fry could not provide a satisfactory explanation of why those important facts had not already been disclosed to the court.  The court directed Fry to promptly provide the court copies of all documentation pertaining to the administrative fee claim.  The court has caused certain of the items that were furnished by Fry to be an exhibit to an order the court signed on the date of the signing of this memorandum opinion and order so that ready reference can be made to the items.

The items reflect that on March 26, 2008, Lahat completed a Social Security Administration form titled "Petition to Obtain Approval of a Fee for Representing a Claimant Before the Social Security Administration," Order, Ex. at 3, asking for payment of a fee of $18,281.25 for representing plaintiff from October 19, 1999, to August 8, 2006.  The form was mailed by Lahat to a representative of Commissioner on March 26, 2008, with a letter stating that Lahat was requesting "that the total fee of $18,281.25 be viewed in light of the overall nature, extent, and quality of services [Lahat] performed over the years [he] handled [plaintiff's] case."  Id. at 4.

The form completed and submitted by Lahat had a section calling for the following information: "Did you render any services relating to this matter before any State or Federal court? If 'yes' what fee did you or will you charge for services in connection with the court proceedings?" Id. at 3. The answers given by Lahat to those questions were "Yes" and "$9,147.93." Id. Thus, for all practical purposes, Lahat represented to Commissioner that his charge for services rendered in the action before this court was, and will be, the $9,147.93 he already has been paid by virtue of the October 6, 2003, corrected judgment in this action.

On October 11, 2008, Commissioner approved for payment to Lahat a fee in the amount of $18,281.25 for services provided to plaintiff for proceedings before Commissioner. Id. at 2. The payment was to be made by Commissioner directly to Lahat from the $22,266.38 withheld from plaintiff's past-due benefits. Id. The itemization that accompanied Lahat's claim shows that he had devoted 81.25 hours to representation of plaintiff in the administrative proceedings. Thus, Lahat was compensated at the rate of $223.35 per hour for the representation he provided to plaintiff. That probably is an understatement of the actual per-hour benefit to Lahat, bearing in mind that Lahat calculated his

19

time by using fifteen-minute increments, meaning that each time
he picked up the telephone or looked at a letter he charged
fifteen minutes of work on plaintiff's case.

Now that the court has learned of the $18,281.25 payment
made to Lahat by Commissioner, the court is more puzzled than
ever as to why Fry filed her motion for a fee award by this court
of $22,266.38 (twenty-five percent of past-due benefits awarded
to plaintiff). Fry recognizes in her motion that the cumulative
fee awarded by the court and Commissioner out of plaintiff's
past-due benefits cannot exceed twenty-five percent. Mot. at 2.
When the $9,147.93 fee award made to Lahat by this court's
October 6, 2003, corrected judgment is added to the award Lahat
received from Commissioner, the total fees Lahat received for
representation of plaintiff in his claim is $27,429.18--more than
thirty percent of petitioner's past-due benefit award of
$89,065.52.

Even if the $9,147.93 award to Lahat the court made under
§ 2412 were to be disregarded, all that would be left after
payment of $18,281.25 out of twenty-five percent of the past-due
benefit award would be $3,985.13. Consequently, if the court
were to resolve every possible doubt in favor of Fry, the most
she conceivably could recover, consistent with the rule that the

cumulative fee awarded by the court and Commissioner out of plaintiff's past-due benefits cannot exceed twenty-five percent, would be the $3,985.13 balance. Even then, there would appear to be basis for argument that the $9,147.93 fee payment ordered by this court should be offset against the total out of the twenty-five percent authorized fee that plaintiff's counsel receives. If that proved to be the case, Fry would not be entitled to any additional fee payment under any circumstance, and might well be obligated to make a refund to plaintiff in the amount of the difference between the total fee payments received, $27,429.18, and the authorized twenty-five percent--$22,266.38.[6]

---

[6]Fry makes the following allegations in her motion:

The Court previously awarded Movant an attorney fee under the equal access to justice act (hereafter "EAJA") in the total amount of $9,147.93 . . . . This amount reflects compensation for essentially the same services that are the subject of this Motion. When attorney fees are awarded for the same services under both the social security act and the EAJA, the attorney is obligated to refund the lesser of the two fees for the same services to Plaintiff, thus ensuring that the Plaintiff receives the fee shifting benefit of the EAJA. Thus, the previously awarded EAJA fee has the effect of partially reimbursing Plaintiff for the attorney fee paid out of his past due benefits. Should the Court grant this motion, Movant will, of course, promptly refund the amount of the lesser fee for the same services to Plaintiff as the law requires.

Mot. at 9-10.

IV.

<u>Conclusion and Order</u>

For each of the reasons given above, the court has concluded that Fry's motion should be denied.  Therefore,

The court ORDERS that such motion be, and is hereby, denied.

SIGNED March 30, 2009.

_____
JOHN McBRYDE
United States District Judge