IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED

APR - 2 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

KENNY KELLEMS,                          §
                                        §
            Plaintiff,                  §
                                        §
VS.                                     §   NO. 4:02-CV-678-A
                                        §
MICHAEL J. ASTRUE,                      §
COMMISSIONER OF SOCIAL                  §
SECURITY,                               §
                                        §
            Defendant.                  §

CORRECTED
MEMORANDUM OPINION
and
ORDER

     (This corrected memorandum opinion and order corrects and replaces the memorandum opinion and order signed in the above-captioned action on March 30, 2009.)

     Came on for consideration the motion of Jennifer L. Fry ("Fry"), who says she is attorney for plaintiff, Kenny Kellems, for an award of attorney's fees under 42 U.S.C. § 406(b). Having considered the motion, the response of defendant, Michael J. Astrue, Commissioner of Social Security, ("Commissioner") and the applicable authorities, the court concludes that such motion should be denied.

I.

## History of the Above-Captioned Action

The above-captioned action was commenced on August 12, 2002, by the filing by attorney Gal Lahat ("Lahat") for plaintiff of a bare-bones complaint seeking reversal of a decision of Commissioner to deny plaintiff's application for disability insurance benefits, and to award to plaintiff the benefits to which he was entitled.  Commissioner answered the complaint on January 28, 2003.  On April 25, 2003, plaintiff, through Lahat, filed his brief urging the court to reverse the decision of the administrative law judge ("ALJ") and award plaintiff disability benefits or, alternatively, to reverse the ALJ's decision and remand pursuant to sentence four of 42 U.S.C. § 405(g).  Pl.'s Br. at 27.

Rather than to file a response to plaintiff's brief, Commissioner filed on June 24, 2003, an unopposed motion asking the court to reverse Commissioner's ruling against plaintiff and remand to Commissioner for further proceedings as authorized by the fourth sentence of § 405(g), explaining:

> 4.   [Commissioner] respectfully submits that an order of remand for further administrative proceedings requires the entry of a judgment that ends the instant action.  The entry of a judgment that ends the instant action is required by the fourth sentence of 42 U.S.C.

2

§ 405(g).  See Shalala v. Schaefer, 113 S.Ct. at 2629.
A proposed judgment is provided herewith.

[Commissioner] therefore requests that the Court
reverse and order a remand of this case for further
action pursuant to the fourth sentence of 42 U.S.C.
§ 405(g).

Mot. to Reverse & Remand at 3-4.  As the motion requested, the
court ended this action by signing on June 26, 2003, the proposed
judgment provided by Commissioner with the motion.  The judgment
ordered that the matter "be remanded under the fourth sentence of
42 U.S.C. § 405(g) to the Commissioner of Social Security for the
purpose of conducting further proceedings."  As of that point in
time, this court had done nothing substantive in this action
other than to grant what amounted to the joint motion of the
parties to reverse and remand.

On July 28, 2003, plaintiff, acting through Lahat, filed an
application for attorney's fees under the Equal Access to Justice
Act, 28 U.S.C. § 2412.  He argued that he was the prevailing
party and, therefore, was eligible for an award of attorney's
fees under § 2412(d)(2)(B).  Plaintiff sought an award of
$7,156.53 as attorney's fees, based on 48.15 hours of work, plus
court costs in the amount of $150.00, for a total of $7,306.53.
Plaintiff alleged in the motion that he had directed that any
award of fees and costs be paid directly to Lahat.

3

Commissioner responded to the application, acknowledging that counsel for plaintiff was entitled to compensation for legal services rendered, but urging that the court calculate the award based on approximately 30 hours of work, contending that the claimed attorney time was excessive for the work actually done. Commissioner suggested that the fee award under § 2412 should be limited to $4,466.33 for 30.05 attorney hours.

On August 26, 2003, plaintiff replied to Commissioner's response, urging that the court consider the following legal standard in determining the amount to award:

> EAJA does not cap hours arbitrarily (although it does cap rate). It relies instead on the flexible and familiar notion of "reasonable attorney fees," a rule highly dependent on the needs and circumstances of the individual case. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Although the Objections largely steer clear of these matters, whether work is reasonable depends on Mr. Kellems's facts and circumstances, the quality of Plaintiff's brief, and what its preparation reasonably required in light of the applicable standard of care for appellate work . . . .

Pl.'s Resp. at 4-5 (footnotes omitted). The court accepted plaintiff's reasoning and claim by awarding plaintiff as a reasonable fee award the exact amount requested. On August 27, 2003, the court signed a judgment awarding plaintiff recovery from Commissioner of $7,306.53 as attorney's fees and expenses.

4

On September 11, 2003, plaintiff filed a motion to amend and/or alter the fee award judgment for the purpose of adding a recovery by plaintiff against Commissioner of $1,841.40 incurred by plaintiff in litigating the attorney fee issue, making a total of $9,147.93.  On October 6, 2003, the court granted the newly filed motion by signing a corrected judgment, ordering that the fee award judgment be corrected to show a recovery by plaintiff from Commissioner of the exact amount claimed by plaintiff, $9,147.93.

Nothing further occurred in the above-captioned case until almost five and one-half years later when on March 16, 2009, the court received the document Fry filed titled "Motion for and Memorandum in Support of Award of Attorney Fees Under the Social Security Act," which is the motion now under consideration. Commissioner responded to Fry's motion for an award of attorney's fees by complaining that it is untimely and that the amount sought is excessive.

II.

### The Allegations of, and Claims Made, by Fry's Motion

Shortly before she filed the motion at issue, Fry filed, on February 18, 2008, in this action a notice of substitution of

5

counsel, reciting that she is substituting for Lahat in this case.  She alleges in her motion that she is a partner with the law firm, Morgan & Weisbrod, L.L.P., that Lahat was with when he was representing plaintiff in this case and that when Lahat stopped practicing law on June 4, 2008, he gave the law firm a letter dated May 7, 2008, saying that all fees owed to him are, and continued to be, the property of the law firm.

Fry seeks by her motion "an award of attorney's fees in the amount of $22,266.38, to be certified for payment out of Plaintiff's past due benefits under the Social Security Act, 42 U.S.C. § 406(b)."  Mot. at 13.  She alleges that the $22,266.38 award she seeks is one-fourth of the past-due benefits awarded to plaintiff by Commissioner in the administrative proceedings that followed after plaintiff's claim was remanded by this court to Commissioner.  She makes reference in the motion to the letter from Commissioner dated August 6, 2006, giving plaintiff notice that the determination had been made that he was entitled to benefits and giving him information as to the benefits he is to

receive.   Mot., Ex. C.   Included in the letter are the following

explanations:

### Information About Lawyer's or Representative's Fees

When a lawyer wants to charge for helping with a Social
Security claim, we must first approve the fee.   We
usually withhold 25 percent of past due benefits in
order to pay the approved lawyer's fee.   We withheld
$22,266.38 from your past due benefits in case we need
to pay your lawyer.

- If all the work on this case for you and your
  family is finished, and your lawyer wants to
  charge a fee, a request to have it approved
  should be sent to us right away.

- If all work is not finished in this case, the
  lawyer should let us know that a fee will be
  charged.   This must be done within 60 days of the
  date of this letter.

- If the lawyer will not charge a fee, a statement
  saying so, signed and dated by the lawyer, should
  be sent to us instead.

When the amount of the fee is decided, we will let you
and the lawyer know how much of this money will be used
to pay the fee.   We will send any remainder to you.   If
the approved fee is more than the money we have
withheld, the Social Security Administration is not
involved in paying the rest of the fee.

Id. at 3.

According to Fry's allegations, her entitlement to a fee

award of $22,266.38 is based on exactly the same 60.55 hours for

which plaintiff already had received an award from this court of

$9,147.93 by the corrected fee-award judgment the court signed

7

October 6, 2003.  Mot. at 3.  Most of the text of Fry's motion appears to be boilerplate language that she and her firm undoubtedly have used in similar motions filed in other cases. She attaches as Exhibit I to her motion a series of orders members of her firm have persuaded other district judges and magistrate judges to sign.

Fry does not disclose to the court that an attorney for plaintiff already successfully had pursued the fee claim procedure spelled out in the August 6, 2006, notice-of-award letter quoted above, thus leading the court to believe that no payment had been received by any attorney for plaintiff by pursuit of that procedure.  By requesting the court to award to her the full $22,266.38 withheld from plaintiff's award of past-due benefits, Fry quite clearly conveys to the court that plaintiff's counsel had not received through any claim at the administrative level any part of the withheld $22,266.38.  The implied representation of Fry's motion is that this court has the authority to, and should, award to Fry the full $22,266.38.  For example, Fry alleged:

> Movant has received notice from the Social
> Security Administration certifying that one-fourth of
> the past due benefits awarded to Plaintiff in this case
> was $22,266.38 . . . .  Therefore, Movant is precluded
> from seeking, and the Court may not approve more than

$22,266.38 under 42 U.S.C. § 406(b)(1) for legal
services performed on Plaintiff's behalf at the Federal
District Court level.  Movant is requesting a fee of
$22,266.38.

Mot. at 2.[1]

### III.

### Analysis

A.   The Plain Text of § 406(b) Compels Denial of the Motion

The distinguishing factor between a remand pursuant to the
fourth sentence of § 405(g) and a remand pursuant to the sixth
sentence of § 405(g) is that a remand pursuant to the fourth
sentence carries with it an immediate entry of judgment.  Shalala
v. Schaefer, 509 U.S. 292, 297 (1993).[2]  As Commissioner
explained in its motion asking for a remand, the remand ended the
above-captioned action.

---

[1]In subsection E of this section III the court will discuss information it has received in the past
few days disclosing the lack of candor of Fry in her motion.

[2]In Shalala v. Schaefer, the Supreme Court gave the following explanation of an important
difference between a sentence-four remand and a sentence-six remand:

> Immediate entry of judgment (as opposed to entry of judgment after postremand agency
> proceedings have been completed and their results filed with the court) is in fact the
> principal feature that distinguishes a sentence-four remand from a sentence-six remand.

509 U.S. at 297.  The Court went on to explain that "a sentence-four remand order terminates the civil
action seeking judicial review of the Secretary's final decision." Id. at 299 (quotation marks and brackets
omitted).

Section 406(b) establishes "the exclusive regime for obtaining fees for successful representation of Social Security claimants . . ." before the court.  <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 795-96 (2002).  The section provides, in relevant part,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b).

The court entered a judgment remanding the above-captioned action pursuant to the fourth sentence of § 405(g) on June 26, 2003.  The plain language of the statute indicates that fees are available under § 406(b) only when (1) the court renders a favorable judgment to the claimant, (2) the court includes such fees <u>as a part of the favorable judgment</u>, and (3) the claimant is entitled to past-due benefits <u>by reason of the favorable judgment</u>.

In this action, the court's judgment of remand pursuant to the fourth sentence of § 405(g) makes no mention of fees awarded under § 406(b).  Such an award would have been inappropriate given that the judgment merely remanded the action for additional

proceedings.  Plaintiff did not become entitled to past-due

benefits by reason of the court's sentence-four remand; rather,

plaintiff's entitlement to benefits came by reason of later

proceedings before, and decision by, Commissioner.  Because the

requirements of § 406(b) were not met, the court is not

authorized to award the additional fees requested by Fry.

B.    The Court Disagrees with Courts that Have Ruled
      Otherwise

The court has considered the decisions of other circuits

that hold that after a fourth-sentence remand and the claimant

has successfully asserted his claim before the Commissioner at

the administrative level following the remand, the district court

should entertain an application in the district court action for

an award of attorney's fees under § 406(b).  See Bergen v. Comm'r

of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006); McGraw v. Barnhart,

450 F.3d 493 (10th Cir. 2006).

The court does not agree with the reasoning of those cases.

A premise of Bergen and McGraw seems to be that the court should

consider, and can grant, a § 406(b) motion for attorney's fees

after the court has ordered a sentence-four remand because such a

rule is necessary to ensure that attorneys representing Social

Security disability claimants will be adequately compensated.

11

See Bergen, 454 F.3d at 1277; McGraw, 450 F.3d at 500.   The facts surrounding Fry's motion, as they are now known to the court, infra at 15-20, suggest that such a premise is faulty.   There are adequate procedures in place for a Social Security claimant's attorney to receive fair compensation for services rendered without a need for a rule requiring a court, in a case that has ended, to reopen the case, perhaps years after the fact, to consider a further fee award.   The Bergen and McGraw decisions stretch the wording of § 406(b) beyond recognition and without rational justification.   The fact that Commissioner gave up trying to convince the courts that they should apply § 406(b) as written is not a good reason for disregarding the statutory language.   See McGraw, 450 F.3d at 500-01.   However, even if the court were to accept the reasoning of Bergen and McGraw, Fry nevertheless could not prevail for the reasons discussed below.

C.   Fry's Motion is Not Timely

In Commissioner's response to Fry's motion, Commissioner raised the issue of the timeliness of Fry's motion, pointing to the provisions of Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Resp. at 1 n.1, which directs that, unless a statute or court order provides otherwise, a motion claiming attorney's fees must be filed no later than fourteen days after entry of

12

judgment.   The <u>Bergen</u> court agreed with the Fifth Circuit that
Rule 54(d)(2)(B) applies to a § 406(b) claim for attorney's fees.
454 F.3d at 1277 (citing <u>Pierce v. Barnhart</u>, 440 F.3d 657, 663-64
(5th Cir. 2006)).   <u>Bergen</u> did not decide whether the motion to
recover attorney's fees with which it was concerned was timely
filed because Commissioner had not objected, as it has in this
case, to the timeliness.   <u>Id.</u>

Other than to establish that Rule 54(d)(2)(B) applies, the
holding of the Fifth Circuit in <u>Pierce</u> is not helpful on the
timeliness issue presented here because in <u>Pierce</u> the district
court had ordered, in response to a timely filed motion for fees,
that the motion was premature but that the denial of the motion
was without prejudice to a refiling should the claimant prevail
before Commissioner.   <u>Pierce</u>, 440 F.3d at 664.   The Fifth Circuit
interpreted that order to be one providing an indefinite
extension for the filing of a motion for attorney's fees, as
contemplated by Rule 54(d)(2)(B).   The Fifth Circuit said that
its ruling that the motion was timely was not an expression of an
opinion on the claimant's entitlement to attorney's fees under
§ 406(b).   <u>Id.</u> at 665.

In <u>McGraw</u>, the Tenth Circuit rejected the proposition that
the fourteen-day time limit imposed by Rule 54(d)(2)(B) should

13

begin to run from the day Commissioner issues an award notice
following the district court's remand to Commissioner for further
proceedings, saying that it "seems contrary to the plain language
of [Rule 54(d)(2)(B)], which states that the motion must be filed
no later than 14 days after entry of judgment." McGraw, 450 F.3d
at 504 (quotation marks and emphasis omitted).  The view of the
Tenth Circuit was that the remedy for the inability of the
claimant to satisfy the fourteen-day post-judgment time limit for
a § 406(b)(1) claim for fees (following a district court fourth-
sentence remand) would be to employ Rule 60(b)(6) of the Federal
Rules of Civil Procedure, adding that such a motion under Rule
60(b)(6) for an award of fees under § 406(b)(1) "should be filed
within a reasonable time of the Commissioner's decision awarding
benefits." Id. at 505.

No matter which view of the proper application of Rule
54(d)(2) is adopted, Fry's motion would be untimely.  If the
fourteen-day time limit were to be counted from the date of the
August 2006 award favorable to plaintiff, it would be years late.
Obviously, a motion made so late would not be considered to be
within a reasonable time of the decision awarding benefits to
plaintiff.  Therefore, a Rule 60(b)(6) motion likewise would be
untimely.  Moreover, Fry has no basis for a contention, such as

14

was made in <u>Pierce</u>, that an order or judgment of this court

constituted an extension of the Rule 54(d)(2)(B) deadline.

D.   <u>In Any Event, the Court Already has Awarded Counsel for
     Plaintiff a Sufficient Amount to Compensate for Work
     Done, and Benefits Gained, in this Action</u>

Even if the court were required to decide what, if any,

additional amount should be awarded to plaintiff or his counsel

for services rendered by his counsel in connection with this

action, including any services that might have resulted in the

remand to Commissioner, the court would conclude that the fee

award previously made pursuant to § 2412(d) was adequate to fully

compensate plaintiff and his counsel for work done as to those

matters.

E.   <u>Important Facts Not Disclosed by Fry's Motion</u>

Needless to say, if the court were to conclude that it is

authorized to make a § 406(b) award of attorney's fees to Fry,

the court would have to know whether Commissioner had already

awarded attorney's fees to plaintiff's counsel and, if so, the

amount of the award.  As Fry acknowledges in her motion,

"[b]efore approving a fee under 42 U.S.C. § 406(b)(1), the Court

must ascertain that the cumulative fee awarded by the Court and

the Commissioner out of the claimant's past due benefits does not

exceed 25%."  Mot. at 2.[3]

Had the court decided the motion on the basis of the facts

stated in, and the exhibits to, the motion, the court would have

believed that no fee award had been made by Commissioner to

counsel for plaintiff out of plaintiff's withheld past-due

benefits.  Only by happenstance did the court learn that the

truth is that most of the withheld twenty-five percent of

plaintiff's past-due benefits already has been paid to

plaintiff's counsel out of the $22,266.38 that was withheld.

Because the issue of timeliness of Fry's motion needed to be

resolved as part of the court's evaluation of the merits of the

motion, the court arranged a telephone conference between the

court, Fry, and counsel for Commissioner for the afternoon of

March 26, 2009, to discuss that issue.  When the court inquired

of Fry as to why her motion asking for an award of attorney's

fees was not filed until the lapse of approximately two and one-

half years after Commissioner awarded plaintiff benefits in

August 2006, Fry disclosed for the first time that, during the

---

[3]In Dawson v. Finch, the Fifth Circuit said that it was "fully convinced that 42 U.S.C.A. § 406 precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant" and that once the Commissioner authorizes payment of the maximum, the claimant is entitled to no more.  425 F.2d 1192, 1195 (1970).

interim, counsel for plaintiff had pursued successfully a fee
claim at the administrative level, and had succeeded in receiving
payment by reason of that claim of $18,281.25 of the $22,266.38
Commissioner withheld in case Commissioner needed to pay
plaintiff's lawyer.  Mot., Ex. C at 3.

Fry could not provide a satisfactory explanation of why
those important facts had not already been disclosed to the
court.  The court directed Fry to promptly provide the court
copies of all documentation pertaining to the administrative fee
claim.  The court has caused certain of the items that were
furnished by Fry to be an exhibit to an order the court signed on
March 30, 2009, so that ready reference can be made to the items.

The items reflect that on March 26, 2008, Lahat completed a
Social Security Administration form titled "Petition to Obtain
Approval of a Fee for Representing a Claimant Before the Social
Security Administration," Order, Ex. at 3, asking for payment of
a fee of $18,281.25 for representing plaintiff from October 19,
1999, to August 8, 2006.  The form was mailed by Lahat to a
representative of Commissioner on March 26, 2008, with a letter
stating that Lahat was requesting "that the total fee of
$18,281.25 be viewed in light of the overall nature, extent, and

quality of services [Lahat] performed over the years [he] handled [plaintiff's] case."  Id. at 4.

The form completed and submitted by Lahat had a section calling for the following information:  "Did you render any services relating to this matter before any State or Federal court?  If 'yes' what fee did you or will you charge for services in connection with the court proceedings?"  Id. at 3.  The answers given by Lahat to those questions were "Yes" and "$9,147.93."  Id.  Thus, for all practical purposes, Lahat represented to Commissioner that his charge for services rendered in the action before this court was, and will be, the $9,147.93 he already has been paid by virtue of the October 6, 2003, corrected judgment in this action.

On October 11, 2008, Commissioner approved for payment to Lahat a fee in the amount of $18,281.25 for services provided to plaintiff for proceedings before Commissioner.  Id. at 2.  The payment was to be made by Commissioner directly to Lahat from the $22,266.38 withheld from plaintiff's past-due benefits.  Id.  The itemization that accompanied Lahat's claim shows that he had devoted 81.25 hours to representation of plaintiff in the administrative proceedings.  Thus, Lahat was compensated at the rate of $223.35 per hour for the representation he provided to

18

plaintiff.  That probably is an understatement of the actual per-hour benefit to Lahat, bearing in mind that Lahat calculated his time by using fifteen-minute increments, meaning that each time he picked up the telephone or looked at a letter he charged fifteen minutes of work on plaintiff's case.

Now that the court has learned of the $18,281.25 payment made to Lahat by Commissioner, the court is more puzzled than ever as to why Fry filed her motion for a fee award by this court of $22,266.38 (twenty-five percent of past-due benefits awarded to plaintiff).  Fry recognizes in her motion that the cumulative fee awarded by the court and Commissioner out of plaintiff's past-due benefits cannot exceed twenty-five percent.  Mot. at 2. When the $9,147.93 fee award made to Lahat by this court's October 6, 2003, corrected judgment is added to the award Lahat received from Commissioner, the total fees Lahat received for representation of plaintiff in his claim is $27,429.18--more than thirty percent of petitioner's past-due benefit award of $89,065.52.

Even if the $9,147.93 award to Lahat the court made under § 2412 were to be disregarded, all that would be left after payment of $18,281.25 out of twenty-five percent of the past-due benefit award would be $3,985.13.  Consequently, if the court

were to resolve every possible doubt in favor of Fry, the most
she conceivably could recover, consistent with the rule that the
cumulative fee awarded by the court and Commissioner out of
plaintiff's past-due benefits cannot exceed twenty-five percent,
would be the $3,985.13 balance.  Even then, there would appear to
be basis for argument that the $9,147.93 fee payment ordered by
this court should be offset against the total out of the twenty-
five percent authorized fee that plaintiff's counsel receives. If
that proved to be the case, Fry would not be entitled to any
additional fee payment under any circumstance, and might well be
obligated to make a refund to plaintiff in the amount of the
difference between the total fee payments received, $27,429.18,
and the authorized twenty-five percent--$22,266.38.[4]

---

[4]Fry makes the following allegations in her motion:

The Court previously awarded Movant an attorney fee under the equal access to
justice act (hereafter "EAJA") in the total amount of $9,147.93 . . . . This amount
reflects compensation for essentially the same services that are the subject of this
Motion.  When attorney fees are awarded for the same services under both the social
security act and the EAJA, the attorney is obligated to refund the lesser of the two fees
for the same services to Plaintiff, thus ensuring that the Plaintiff receives the fee shifting
benefit of the EAJA.  Thus, the previously awarded EAJA fee has the effect of partially
reimbursing Plaintiff for the attorney fee paid out of his past due benefits.  Should the
Court grant this motion, Movant will, of course, promptly refund the amount of the lesser
fee for the same services to Plaintiff as the law requires.

Mot. at 9-10.

IV.

Conclusion and Order

For each of the reasons given above, the court has concluded that Fry's motion should be denied.   Therefore,

The court ORDERS that such motion be, and is hereby, denied.

SIGNED April 2, 2009.

JOHN McBRYDE
United States District Judge